U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2021 MAR 11  PM 3: 45

CLERK

BY____ʟᴀᴡ____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

2:21-cv-69

| | |
|---|---|
| ALPS PROPERTY & CASUALTY INSURANCE COMPANY | ) |
| PLAINTIFF | ) |
| | ) |
| V. | ) |
| | ) |
| | ) |
| LANGROCK SPERRY & WOOL, LLP, and JAY R. MCLAUGHLIN, | ) |
| DEFENDANTS | ) |

## COMPLAINT FOR DECLARATORY RELIEF

ALPS Property & Casualty Insurance Company ("ALPS") brings this diversity action for declaratory relief, pursuant to 28 U.S.C. §§ 2201(a) and 2202, and Fed. R. Civ. P. 57, concerning the applicability of a policy of lawyers' professional-liability insurance, as described further below, to a pending lawsuit brought by Jay R. McLaughlin against the law firm Langrock Sperry & Wool, LLP.

ALPS is providing the Langrock firm with a defense in the lawsuit, under a reservation of rights and non-waiver agreement. ALPS now seeks a declaration that McLaughlin's claim falls outside the coverage afforded by the ALPS policy.

### Parties

1.      Plaintiff ALPS is an insurance company organized as a Montana corporation, with a principal place of business in Missoula, Montana. Since December 11, 2012, ALPS has been duly authorized by the State of Vermont to provide professional-liability insurance to lawyers in the state.

*ALPS Property & Casualty Insurance Co.*
*v. Langrock Sperry & Wool, LLP*
Complaint for Declaratory Relief
Page 2 of 6

2.      Defendant Langrock Sperry & Wool, LLP ("the Langrock firm") is a law firm

organized as a Vermont limited-liability partnership, with places of business in Burlington and

Middlebury, Vermont.

3.      Defendant Jay R. McLaughlin is an individual who, upon information and belief,

resides in Medway, Maine.

### Jurisdiction and Venue

4.      This Court has diversity subject-matter jurisdiction over this matter pursuant to 28

U.S.C. § 1332(c), because the action is between citizens of different states—the plaintiff is a

citizen of Montana, and the defendants are, respectively, citizens of Vermont and Maine—and

the amount in controversy exceeds the sum or value of $75,000.

5.      This Court has personal jurisdiction over the defendants. The Langrock firm is a

resident of Vermont, and this matter involves a policy of professional-liability insurance issued

to the firm in Vermont. McLaughlin has voluntarily subjected himself to the personal jurisdiction

of the Court by bringing the underlying lawsuit against the Langrock firm here. The underlying

lawsuit itself arises from McLaughlin's conducting business in Vermont. And this lawsuit arises

from the underlying lawsuit and from McLaughlin's business in Vermont.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1), because the

Langrock firm resides in this District, and (b)(2), because a substantial part of the events giving

rise to the claim occurred in this District.

7.      There is an actual case or controversy between the parties as to whether the

professional-liability insurance policy at issue provides coverage for the underlying claim. The

matter is ripe for adjudication.

## The McLaughlin Lawsuit

8.      McLaughlin is the plaintiff, and the Langrock firm is the defendant, in a lawsuit

pending in this District Court, *McLaughlin v. Langrock Sperry & Wool, LLP*, Case No. 2:19-cv-

00112-cr (herein, "the McLaughlin lawsuit" or "the underlying lawsuit"). The operative

complaint in the lawsuit is McLaughlin's First Amended Complaint, filed on February 14, 2020

(Docket Entry No. 45).

9.      The McLaughlin lawsuit arises from certain business dealings between

McLaughlin, based in Maine, and a Vermont company called Landel Land Clearing ("Landel").

In 2013, in connection with a natural-gas-pipeline project in Pennsylvania, McLaughlin agreed to

provide logging, clearing, and other work for Landel on the project, and also to loan money to

Landel to help fund its work on the project. Landel was represented by the Langrock firm in

connection with the McLaughlin agreement. McLaughlin was represented by his own counsel in

Maine.

10.     McLaughlin alleges that in order to persuade him to extend credit, Landel

promised that certain payments Landel was due to receive from its customer on the Pennsylvania

project would be directed into an escrow account, which would be used to repay McLaughlin.

Landel also promised not to "factor" (obtain any other credit based upon) the expected customer

payments.

11.     McLaughlin further alleges that the Langrock firm itself agreed, in the 2013

negotiations, to ensure that Landel complied with its obligations to McLaughlin. In particular,

McLaughlin points to a document entitled "Escrow Agreement," which, McLaughlin contends,

memorializes an agreement by the Langrock firm to "pay" McLaughlin amounts owed by

Landel. McLaughlin asserts that the Langrock firm had a duty under this agreement to ensure

*ALPS Property & Casualty Insurance Co.*
*v. Langrock Sperry & Wool, LLP*
Complaint for Declaratory Relief
Page 4 of 6

that the customer-payment obligations were not factored, to ensure that the payments were

directed into the escrow account, and to ensure that the funds were used to repay McLaughlin.

12.     As matters transpired, McLaughlin contends, Landel improperly proceeded to

factor the customer payments, and did not direct the payments into an escrow account.

McLaughlin contends that he remains unpaid, and that the Langrock firm is responsible under

the 2013 agreement for the unpaid amounts.

### The ALPS Policy

13.     At the time McLaughlin made his claim against the Langrock firm, the firm was

insured under a policy of lawyer's professional-liability insurance issued by ALPS, Policy No.

3320-22. The ALPS policy provides coverage, under certain conditions, for "sums... that the

insured becomes legally obligated to pay as damages, arising from or in connection with a claim"

that "arises from a wrongful act" within the meaning of the policy. Where a claim is covered

under the policy, ALPS has "the right and the duty to defend" the insured against the claim; but

ALPS has no such duty to defend, nor any duty to provide indemnity against damages, with

respect to a claim that is not covered.

14.     As a professional-liability insurance policy, the ALPS policy expressly limits its

coverage to a claim involving a "wrongful act," which the policy defines, in relevant part, as an

act, error, or omission in "professional services that were or should have been rendered by the

insured." The policy provides a definition of "professional services," and expressly states that

there will be no coverage for any claim asserting that a lawyer or firm assumed obligations under

"any contract," other than a contract "to provide professional services."

*ALPS Property & Casualty Insurance Co.*
*v. Langrock Sperry & Wool, LLP*
Complaint for Declaratory Relief
Page 5 of 6

15.     The McLaughlin lawsuit is based upon what McLaughlin alleges was an

obligation that the Langrock firm undertook in July 2013 to "pay" McLaughlin the amounts

owed by Landel—that is, to guarantee Landel's performance. That alleged agreement, if indeed

made as McLaughlin alleges, was not an agreement to provide professional services within the

meaning of the ALPS policy. For this reason, there can be no coverage under the ALPS policy

for McLaughlin's claim.

16.     The ALPS policy also expressly limits its coverage to claims that seek

"damages." The policy states that this does not include claims for equitable relief, claims seeking

recovery for a plaintiff's "loss of… funds," or claims seeking restitution of funds "presently or

formerly held or in any manner directly or indirectly controlled by an insured."

17.     The essence of the McLaughlin claim is that in the July 2013 agreement, Landel

agreed to give the Langrock firm control over the customer payments that were to be used to

repay McLaughlin, and that the Langrock firm agreed to assume control of the funds, to ensure

that they were directed into the escrow and used to pay McLaughlin, and to ensure that they were

not used for any other purpose. Because the McLaughlin claim is premised upon the theory that

the Langrock firm assumed control of and responsibility for the funds, there can be no coverage

under the ALPS policy for McLaughlin's claim.

18.     The definition of "damages" in the ALPS policy also makes clear that there is no

coverage for any claim seeking "punitive, multiple, or exemplary damages." The policy also

provides no coverage for any claim arising from or in connection with any "dishonest,

fraudulent,… or intentionally wrongful or harmful act, error or omission committed by, at the

direction of, or with the consent of an insured," subject to certain exceptions. To the extent the

*ALPS Property & Casualty Insurance Co.*
*v. Langrock Sperry & Wool, LLP*
Complaint for Declaratory Relief
Page 6 of 6

McLaughlin lawsuit alleges any such conduct, or seeks any such punitive, multiple, or exemplary

damages, there can be no coverage under the ALPS policy.

## Claim for Declaratory Judgment

19.     For the foregoing reasons, no coverage is available for the McLaughlin claim and

lawsuit under the ALPS policy, or any other policy issued by ALPS. The Court should so

declare.

20.     ALPS is not obliged to defend or indemnify the Langrock firm, or any other

insured, with respect to the McLaughlin claim and lawsuit. The Court should so declare.

WHEREFORE, ALPS requests that the Court issue a judgment:

A. Declaring that no coverage is available for the McLaughlin claim and lawsuit
   under ALPS Policy No. 3320-22, or any other policy issued by ALPS;

B. Declaring that is not obliged to defend or indemnify the Langrock firm, or any
   other insured, with respect to the McLaughlin claim;

C. Granting ALPS such other relief as justice may require.

March 8, 2021

ALPS PROPERTY & CASUALTY INSURANCE CO.
By Its Attorneys

*/s/ William L. Boesch*
William L. Boesch
SUGARMAN ROGERS BARSHAK & COHEN, P.C.
101 Merrimac Street
Boston, MA 02114
617-227-3030
boesch@sugarmanrogers.com